James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CITIMORTGAGE, INC.,<br><br>Plaintiff(s),<br><br>v.<br><br>MISSION HILLS HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-374 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff CitiMortgage, Inc.'s ("CMI") motion for summary judgment. (ECF No. 37). No responses were filed to this motion.

Also before the court is defendant SFR Investments Pool 1, LLC's ("SFR") motion to certify a question of law. (ECF No. 50). CMI filed a response (ECF No. 55), and SFR filed a reply (ECF No. 56).

Also before the court is defendant SFR's motion for partial summary judgment. (ECF No. 58). No responses were filed to this motion.

**I.   Introduction**

This case involves the HOA foreclosure sale of the real property at 2305 W. Horizon Ridge Parkway #3311, Henderson, Nevada. (ECF No. 1).

On January 13, 2012, Mission Hills Homeowners Association (the "HOA") recorded a notice of delinquent assessment (lien), indicating an outstanding liability of $4,620.00. (ECF No. 37-1).

On April 4, 2012, the deed of trust on the property, produced in relation to the original purchase loan, was assigned to CMI.[1] (*Id.*). Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP ("BANA") acted as servicer of the loan. (ECF No. 1).

On May 8, 2012, the HOA recorded a notice of default and election to sell, indicating an amount of $5,770.00. (ECF No. 37-1). Thereafter, on November 19, 2012, the HOA recorded a notice of trustee's sale, asserting a sum due of $8,002.55. (*Id.*). Finally, the HOA's agent, Alessi & Koenig, recorded a trustee's deed upon sale on February 26, 2013, that recognized SFR's purchase of the property. (*Id.*).

On February 24, 2016, CMI filed the underlying complaint in this case, alleging: (1) quiet title and declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and Alessi; (3) wrongful foreclosure against the same; and (4) injunctive relief against SFR. (ECF No. 1).

On May 25, 2016, SFR filed a counterclaim against CitiMortgage, Inc. requesting declaratory and injunctive relief in connection with a quiet title claim on the property (ECF No. 22).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

---

[1] Although the language of the April 4, 2012, assignment of deed of trust is somewhat ambiguous, the May 6, 2013, re-recording clarifies that CMI was the interest holder at that time. (ECF No. 37-1).

James C. Mahan
U.S. District Judge

- 2 -

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III. Discussion

As an initial matter, a failure to respond to a motion for summary judgment is not a sufficient condition for that motion's success. *See* LR 7-2(d); *see also Heinemann v. Satterberg*, 731 F.3d 914, 917–18 (9th Cir. 2013). A district court may grant an unopposed motion for summary judgment only if the movant's filings satisfy the summary judgment standard. *See White v. Aramark*, No. 14-55405, 2016 WL 6583620, at *1 (9th Cir. Nov. 7, 2016) (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)). The court proceeds accordingly.

James C. Mahan
U.S. District Judge

*a. Plaintiff's NRS 116.1113 and wrongful foreclosure claims*

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). However, while NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear that no civil action may be commenced "unless the action has been submitted to mediation." NRS 38.310. Specifically, NRS 38.330(1) offers in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added). Moreover, nothing in NRS 38.330 provides that the Nevada Real Estate Division's ("NRED") failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time.

Next, under NRS 38.300(3), a civil action includes "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." Violation of NRS 116.1113 is a "civil action[] as defined in NRS 38.300." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013) (finding that a claim for violation of NRS 116.1113 was properly dismissed for lack of compliance with NRS 38.310).

Further, "[a] wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions

and restrictions applicable to residential property." *Id.* at 558. Therefore, plaintiff's claim of wrongful foreclosure must be mediated before this court may delve into its merits.

In sum, plaintiff's claims for violation of NRS 116.1113 and unjust enrichment will be dismissed as unexhausted for failure to mediate.

    a. *Plaintiff's claim for injunctive relief*

Despite plaintiff's formulation of this request as a claim, injunctive relief is a remedy, not a cause of action. *See, e.g.*, *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. Appx. 680, 684 (9th Cir. 2014) (citation omitted). Therefore, this claim will also be dismissed.

    b. *Declaratory relief/quiet title*

Plaintiff argues that BANA's attempted tender preserved its interest and that refusal of tender violates due process.[2] (ECF No. 37).

In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but 'each party must plead and prove his or her own claim to the property in question' and a 'plaintiff's right to relief therefore depends on superiority of title.'" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

---

[2] As a result of the discussion below, plaintiff's argument regarding a party's *bona fide* status is irrelevant. (ECF No. 37); *see also Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *3 n.3 (citing *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114 (Nev. 2016)).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id*. at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

*1. Insufficient tender*

BANA did not tender the amount sent forth in the notice of default and election to sell, which stated an amount due of $5,770.00. (ECF No. 37-1). Rather, BANA tendered a lesser amount, specifically, $1,305.00. (*Id.*).

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing that security interest. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also, e.g.*, *7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

The superpriority lien portion, however, consists of "the last nine months of unpaid HOA dues ***and maintenance and nuisance-abatement charges***," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411 (emphasis added); *see*

*also 7912 Limbwood Ct. Trust*, 979 F. Supp. 2d at 1150 ("The superpriority lien consists only of unpaid assessments and certain charges specifically identified in § 116.31162."). BANA offered $180.00 based on its calculation of the nine months of unpaid HOA dues, without adequately accounting for the maintenance and nuisance-abatement charges. *See* (ECF No. 30 at 11, 30-9 at 13). BANA does not provide an adequate explanation for its selectivity of inputs when calculating its proposed tender value.

BANA merely presumed, without adequate support, that the amount set forth in the notice of default included more than the superpriority lien portion and that a lesser amount based on BANA's own calculations would be sufficient to preserve its interest in the property. *See generally, e.g.*, Nev. Rev. Stat. § 107.080 (allowing trustee's sale under a deed of trust only when a subordinate interest has failed to make good the deficiency in performance or payment for 35 days); Nev. Rev. Stat. § 40.430 (barring judicially ordered foreclosure sale if the deficiency is made good at least 5 days prior to sale). Therefore, this argument fails.

There is also no "as applied" violation of due process as a result to the rejected tender. The May 8, 2012, notice of default set forth an amount due of $5,770.00. (ECF No. 37-1). Rather than tendering the full amount due so as to preserve its interest in the property and then later seeking a refund of any difference, BANA elected to pay a lesser amount ($1,305.00) based on its unwarranted assumption that the amount stated in the notice included more than what was due. *See SFR Investments*, 334 P.3d at 418 (noting that the deed of trust holder can pay the entire lien amount and then sue for a refund). Had BANA paid the amount set forth in the notice of default ($1,824.34), the HOA's interest would have been subordinate to the first deed of trust. *See* Nev. Rev. Stat. § 116.31166(1).

After BANA failed to use the legal remedies available to prevent the property from being sold to a third party—for example, seeking a temporary restraining order and preliminary injunction and filing a *lis pendens* on the property (*see* Nev. Rev. Stat. §§ 14.010, 40.060)—CMI now seeks to profit from BANA's failure to follow the rules set forth in the statutes. *See generally, e.g.*, *Barkley's Appeal. Bentley's Estate*, 2 Monag. 274, 277 (Pa. 1888) ("In the case before us, we can see no way of giving the petitioner the equitable relief she asks without doing great injustice

to other innocent parties who would not have been in a position to be injured by such a decree as she asks if she had applied for relief at an earlier day."); *Nussbaumer v. Superior Court in & for Yuma Cty.*, 489 P.2d 843, 846 (Ariz. 1971) ("Where the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby.").[3]

In sum, CMI's arguments regarding BANA's attempted tender are insufficient and unpersuasive.

### 2. Due process and NRS Chapter 116

CMI next argues that the HOA lien statute is facially unconstitutional because it "did not mandate notice to mortgagees prior to its recent amendment." (ECF No. 37 at 9). CMI further posits that any factual disputes regarding actual notice are irrelevant pursuant to *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017) ("*Bourne Valley*"); *see also* (ECF No. 30).

However, the Ninth Circuit actually held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights; plaintiff's interpretation of that holding is overbroad. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue in that case was the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). BANA has satisfied the first element as a deed of trust is a property interest under Nevada law. *See* Nev. Rev. Stat. § 107.020 *et seq.*; *see also Mennonite Bd. of Missions v. Adams*, 462 U.S.

---

[3] Alessi & Koenig explicitly warned counsel for BANA's predecessor that it would foreclose on the property unless the purported liability at issue was satisfied. (ECF No. 37-1).

- 8 -

791, 798 (1983) (stating that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale"). However, BANA fails on the second prong.

Due process does not require actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158.

Here, adequate notice was given to the interested parties prior to extinguishing a property right. In fact, BANA acknowledges having received the notice of default. (ECF No. 37-1 at 40) ("This letter is written in response to your Notice of Default with regard to the HOA assessments purportedly owed on the above described real property . . . ."). As a result, the notice of trustee's sale was sufficient notice to cure any constitutional defect inherent in NRS 116.31163(2) as it put BANA on notice that its interest was subject to pendency of action and offered all of the required information. *See also Spears v. Spears*, 596 P.2d 210, 212 (Nev. 1979) ("The rule is well established that one who is not prejudiced by the operation of a statute cannot question its validity.").

Further, CMI does not dispute that BANA received actual notice of the foreclosure sale, but merely that "[a]ctual notice does not change the analysis." (ECF No. 37 at 11). As discussed above, this assertion is incorrect. *See Mullane*, 339 U.S. at 314.

*c. Motion to certify a question of law*

In the motion to certify, SFR requests that the court certify the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?" (ECF No. 50 at 2).

The court declines to certify this question as controlling precedent is available for guidance on this issue. The Ninth Circuit, in *Bourne Valley*—which SFR cites to in its motion—expressly answered this exact question in the negative. *See generally* 832 F.3d 1154. More specifically, the Ninth Circuit held, in relevant part, as follows:

> Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. . . . According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request.
>
> . . . .
>
> If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument.

*Bourne Valley*, 832 F.3d at 1159.

Thus, the court will deny SFR's motion to certify this question to the Nevada Supreme Court.

    *d. SFR's motion for partial summary judgment*

SFR's motion for partial summary judgment urges the court to apply the "return doctrine," which would purportedly return NRS 116.31163, 116.311635, and 116.31168 to their 1991 pre-amendment state because *Bourne Valley* struck those provisions as unconstitutional. (ECF No. 58). However, the court need not address this issue because there was actual notice to the party who possessed a relevant deed of trust in the property at the time of the foreclosure process. That fact renders *Bourne Valley* irrelevant to the case at hand. *See generally* 832 F.3d at 1159.

Therefore, to issue an opinion at this time on this issue would produce an advisory opinion, which this court cannot do. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (holding that "[t]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions"). Therefore, the court will deny SFR's motion for partial summary judgment. (ECF No. 58).

**IV. Conclusion**

In sum, all motions will be denied, and CMI's claims for breach of NRS 116.1113, wrongful foreclosure, and injunctive relief will be dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that CMI's motion for summary judgment (ECF No. 37) be, and the same hereby is, DENIED.

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that CMI's claims regarding NRS 116.1113, wrongful foreclosure, and injunctive relief be, and the same hereby are, DISMISSED, without prejudice.

IT IS FURTHER ORDERED that SFR's motion to certify a question of law (ECF No. 50) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion for partial summary judgment (ECF No. 58) be, and the same hereby is, DENIED.

DATED July 5, 2017.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**