UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITIMORTGAGE, INC., | Case No. 2:16-CV-374 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| MISSION HILLS HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff CitiMortgage, Inc.'s ("plaintiff") motion for reconsideration. (ECF No. 69). Defendant SFR Investment Pool 1, LLC ("SFR") filed a response (ECF No. 75), to which plaintiff replied (ECF No. 76).

**I.   Facts**

This case involves a dispute over real property located at 2305 W. Horizon Ridge Parkway #3311, Henderson, Nevada 89052 ("the property"). (ECF No. 1).

In August 2006, David A. Yeakel ("borrower") purchased the property. *Id.* The borrower financed his ownership of the property by way of a loan in the amount of $148,000.00 evidenced by a note and secured by a deed of trust recorded on September 20, 2006. (ECF No. 37-1).

On January 13, 2012, the HOA recorded a notice of delinquent assessment lien. *Id.* Thereafter, on April 4, 2012, plaintiff obtained its interest in the deed of trust via an assignment recorded with the Clark County recorder's office. *Id.* On May 8, 2012, the HOA recorded a notice of default and election to sell. *Id.*

In an attempt to exercise its right of redemption, on June 1, 2012, Bank of America, N.A. ("BANA"), as servicer of the loan at that time, requested a ledger from the HOA identifying the

James C. Mahan
U.S. District Judge

superpriority amount of the lien. *Id.* On June 21, 2012, the HOA provided a payoff ledger of the borrower's delinquent payment history from May 2006 to October 2010. *Id.* However, the ledger did not identify the superpriority portion of the lien. *Id.* The ledger also did not indicate that there were any outstanding fees for maintenance and nuisance abatement. *Id.* The ledger did state, however, that the HOA's monthly assessments against the property were $145.00. *Id.*

Based on the monthly assessment amount identified in the HOA's ledger, BANA calculated the sum of nine months of common assessments, which totaled $1,305.00, and sent a check for that amount to the HOA on June 28, 2012. *Id.* Along with the check, BANA sent the HOA a letter explaining that the check was the sum of nine months of common assessment and was intended to "satisfy [plaintiff's] obligations to the HOA as a holder of the first deed of trust against the property." *Id.* The HOA refused BANA's tender. *Id.*

Instead, on November 19, 2012, the HOA recorded a notice of trustee's sale. *Id.* On February 20, 2013, the HOA sold the property in a nonjudicial foreclosure sale. *Id.* SFR purchased the property at the foreclosure sale, and on September 19, 2012, the HOA recorded the deed of trustee's sale. *Id.*

Plaintiff initiated this action on February 24, 2016, alleging four causes of action: (1) quiet title/declaratory judgment; (2) breach of NRS 116.1113; (3) wrongful foreclosure; and (4) "injunctive relief." (ECF No. 1). On July 5, 2017, the court entered an order denying plaintiff and SFR's countermotions for summary judgment and dismissing plaintiff's claims for NRS 116.1113, wrongful foreclosure, and injunctive relief. (ECF No. 61). Now, the court reconsiders its prior order.

**II.     Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

1    Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

**III.   Discussion**

Plaintiff argues that the court should reconsider its prior order and hold that its deed of trust still encumbers the property because it properly tendered the superpriority portion of the HOA's lien. (ECF No. 69). In light of an intervening change in controlling law, the court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) ("*Bank of America*"). Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. Like *Bank of America*, where Bank of America relied on the HOA's representations to

James C. Mahan
U.S. District Judge

- 3 -

calculate nine months of assessments, BANA relied on the HOA's ledger to calculate nine months of assessments. *See id*. at 118; (ECF No. 37-1).

Further, as in *Bank of America*, the HOA did not indicate that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118; (ECF No. 37-1). Thus, when BANA sent a check for nine months of assessments to the HOA, it properly tendered the superpriority portion of the lien.

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

## IV. Conclusion

In light of the foregoing, plaintiff has demonstrated that it is entitled to judgment as a matter of law on its quiet title claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 69) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court's order filed July 5, 2017 (ECF No. 61) be, and the same hereby is, VACATED.

The clerk is instructed to enter judgment accordingly and close the case.

DATED January 9, 2019.

_____
UNITED STATES DISTRICT JUDGE